*1132 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| ]This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Robert M. Hodge, an attorney licensed to practice law in Louisiana but currently on interim suspension.
UNDERLYING FACTS
Count I — The Azar- Matter
In March 2005, respondent’s law firm, Hoyt, Hodge and Stanford, LLC (hereinafter referred to as “HHS”), entered into an exchange agreement with Rosemary Azar wherein HHS would deposit the proceeds from the sale of her property into interest bearing accounts on her behalf. HHS opened three interest bearing accounts to hold the proceeds: one at St. Martin Bank & Trust, one at Whitney National Bank, and one at Home Bank.
Between March 18, 2005 and November 28, 2005, respondent took a total of $29,232.15 from the St. Martin Bank & Trust account for his personal use. On August 2, 2005, he took an additional $2,543.38 from the Home Bank account for his personal use. In total, he converted $31,775.53 of Ms. Azar’s funds.
_]2Count II — The Olympic Matter
Olympic Crane & Fabrication, Inc. (hereinafter referred to as “Olympic”) requested that HHS hold its customer’s prepaid funds in escrow. The funds were deposited into HHS’s client trust account on August 4, 2005. On August 30, 2005, respondent withdrew $30,543.80 of Olympic’s funds to cover the funds he converted from Ms. Azar, thus converting Olympic’s funds as well.
Count III — The Charles Matter
Blake Charles sought to use HHS as a qualified intermediary for a § 1031 tax deferred exchange transaction. On November 29, 2005, HHS opened an interest bearing account at St. Martin Bank & Trust to hold Mr. Charles’ funds. Between November 30, 2005 and January 6, 2006, respondent withdrew $26,000 from the account for his personal use. On December 14, 2005, he withdrew an additional $30,543.80 to cover the funds he converted from Olympic. In total, he converted $56,543.80 from Mr. Charles.
DISCIPLINARY PROCEEDINGS
In January 2006, respondent self-reported the above misconduct to the ODC. In March 2006, the parties filed a joint petition for interim suspension, which we granted on March 29, 2006. In re: Hodge, 06-0634 (La.3/29/06), 924 So.2d 990.

Formal Charges

In March 2007, the ODC filed three count of formal charges against respondent, alleging that his conduct violated Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely | aon the lawyer’s honesty, trustworthiness, and fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct in each of the three counts. Respondent was personally served with the formal charges but failed to answer. Accordingly, the factual allegations contained therein were deemed ad *1133 mitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee RepoR

After considering the ODC’s deemed admitted submission, the hearing committee made seventeen factual findings, including the following:
3. Respondent engaged in multiple instances of unauthorized withdrawals, “rolling conversions,” and commingling of client funds, primarily in 2005. Three separate clients were affected: Rosemary Azar, Olympic Crane & Fabrication, Inc., and Blake Charles.
4. Respondent converted a total of approximately $56,543.80.
12. Respondent’s former law partners made full and complete restitution to the affected clients.
13. As of January 2007, respondent still had not made any restitution payments to his former law partners.
Based on these findings, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges, as well as Rule 1.15 (safekeeping property of clients or third parties). The committee also determined:
|4Not only did the Respondent knowingly, intentionally and negligently violate the obligations and duties owed to his clients, but he also knowingly and intentionally violated the obligations and duties owed to the general public and to the legal community. By so doing, the Respondent exhibited a flagrant disregard for the well being of his clients and the ethical obligations of his profession. The Respondent committed the most serious of ethical violations, causing his clients, colleagues and others substantial harm.
Based on the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined that the applicable baseline sanction in this matter is disbarment.
In aggravation, the committee found a dishonest or selfish motive, a pattern of misconduct, vulnerability of the victim, and substantial experience in the practice of law (admitted 1995). The committee found the following mitigating factors are present: absence of a prior disciplinary record, full and free disclosure to the ODC as evidenced by respondent’s self-report to the ODC, and apparent remorse.
Turning to the issue of an appropriate sanction, the committee found instructive Guideline 1 of the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E.[1] The committee also determined that respondent acted with careless disregard for the damage he was causing and lacks the fitness necessary to practice law in Louisiana.
Accordingly, the committee recommended that respondent be permanently disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

\ñDisciplinan/ Board Recommendation

After reviewing this matter, the disciplinary board determined that the hearing committee’s factual findings are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of the allegations. The board *1134 further determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges. He also violated Rule 1.15.
The board adopted the committee’s findings regarding respondent’s mental state, duties violated, and aggravating and mitigating factors. With respect to the harm, the board disagreed with the committee that respondent caused substantial harm to his clients. Rather, the board reasoned that respondent’s clients suffered little or no harm in the end because they received full restitution from respondent’s former law partners. However, the board noted that respondent’s former law partners remain unpaid in the approximate amount of $56,543.80.[2] The board also agreed with the committee that disbarment is the baseline sanction.
The board determined that Guideline 1 of the permanent disbarment guidelines appears to be applicable in this case because the ODC has proven respondent engaged in three instances of intentional conversion of client funds, causing substantial harm to his former law partners. Based on this reasoning, the board recommended that respondent be permanently disbarred.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
J^DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992).
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Doman, 01-3058 (La.1/10/03), 838 So.2d 715.
The deemed admitted facts and evidence in this matter indicate that respondent converted client funds totaling more than $56,000. Respondent violated the Rules of Professional Conduct as alleged in the formal charges. Furthermore, he violated Rule 1.15 by taking client funds for his own use and, thus, failing to hold those funds separate from his own funds.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and 17deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 *1135 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent acted intentionally and violated duties owed to his clients, the public, and the legal profession. His misconduct caused serious potential harm to his clients and serious actual harm to his former law partners. Under the ABA’s Standards for Imposing Lawyer Sanctions, disbarment is the baseline sanction.
The record supports the following aggravating factors: dishonest or selfish motive, a pattern of misconduct, multiple offenses, substantial experience in the practice of law, and illegal conduct. The sole mitigating factor supported by the record is the absence of prior discipline.
Both the committee and the board felt that respondent’s misconduct was so egregious as to warrant permanent disbarment based on Guideline 1 of the permanent disbarment guidelines. The record supports a finding that respondent’s misconduct fits within this guideline. Prior jurisprudence also supports permanent disbarment for intentional conversion of client funds.[3]
Accordingly, we will adopt the board’s recommendation and permanently disbar respondent.
DECREE
Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, it is ordered that the name of | sRobert M. Hodge, Louisiana Bar Roll number 23781, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this State. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Guideline 1 states that permanent disbarment may be warranted when an attorney engages in "[Repeated or multiple instances of intentional conversion of client funds with substantial harm.”

. The board noted that, at board argument, respondent indicated he has made approximately $2,000 in restitution to his former partners. Respondent also claimed he pled guilty to felony theft and is now on probation with the requirement that he pay $1,000 per month in restitution for five years. However, no evidence documenting respondent's claims has been submitted into the record.

. See, e.g., In re: Woods, 04-1543 (La.10/29/04), 885 So.2d 551, and In re: Black, 04-1195 (La.10/1/04), 883 So.2d 956.